Jose L. HERNANDEZ, Appellant,

v.

Joseph GREGG, Warden; United States Immigration and Naturalization Service; Leroy Zimmerman, Attorney General of Pennsylvania, Appellees.

No. 86–3145.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) March 5, 1987.

Decided March 16, 1987.

Robert S. Whitehill, Rothman, Gordon, Foreman and Groudine, P.A., Robert P. Deasy, Pittsburgh, Pa., for appellant.

J. Alan Johnson, U.S. Atty., Bonnie R. Schlueter, Asst. U.S. Atty., W.D. Pa., Pittsburgh, Pa., for appellees.

Before GIBBONS, Chief Judge, SEITZ and ALDISERT, Circuit Judges.

### OPINION OF THE COURT

SEITZ, Circuit Judge.

Jose L. Hernandez appeals the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253 (1982).

### I

Hernandez is a native and citizen of Cuba. In May 1980 he arrived in the United States from Mariel, Cuba. The Immigration and Naturalization Service (INS) immediately took him into custody. INS resettled Hernandez with a family sponsor in Lebanon, Pennsylvania in September 1980. In January 1981 INS paroled Hernandez from its custody pursuant to the Immigration and Nationality Act of 1952 (INA), 8 U.S.C. § 1101 *et seq.*

In December 1982 Hernandez participated in an attempted robbery of the La Ruida Latina restaurant in Reading, Pennsylvania. During the course of the attempted robbery, Hernandez shot a restau-

rant patron. In October 1983 Pennsylvania authorities filed an information against Hernandez based on this incident. In February 1984 Hernandez pled guilty in the Pennsylvania state courts to a misdemeanor, aggravated assault. He was sentenced to 18 to 48 months incarceration in the state correctional system.

Hernandez served his sentence and was ordered released on parole. Prior to Hernandez's release, however, INS had lodged a detainer on him with the Pennsylvania authorities. For this reason, Hernandez was released to INS custody in October 1985. INS notified Hernandez that his parole had been revoked and that he was the subject of exclusion proceedings when it took custody of him.

Shortly after he was taken into custody, Hernandez filed a petition for a writ of habeas corpus challenging his parole revocation. On December 27, 1985 United States Magistrate Robert C. Mitchell issued a report reviewing the case and recommending that the petition be dismissed. On January 17, 1986 the district court adopted the magistrate's report and recommendation as its opinion, and dismissed the petition. This appeal followed.

## II

Hernandez contends that the Immigration Reform and Control Act of 1986, Pub.L. No. 99–603, 1986 U.S. Code Cong. and Admin. News (100 Stat.) 3359 (IRCA) (enacted November 5, 1986), deprives INS of authority to detain him pursuant to INA. Our review of this legal issue is plenary.

Hernandez argues that INS lacks authority to detain him because IRCA changes his status from parolee to entrant under the immigration laws. Hernandez bases his argument on Section 201 of IRCA, which amends INA to include new section 245A (8 U.S.C. § 1255A). This section provides, in relevant part, that "the Attorney General shall adjust the status of an alien to that of an alien lawfully admitted for temporary residence if the alien meets the following requirements: (1) timely application ..., (2)

continuous unlawful residence since 1982...., (3) continuous physical presence since enactment ..., [and] (4) admissible as an immigrant."

Passing over the fact that there is no possible way Hernandez could have raised this contention in the district court, we believe Hernandez misconstrues Section 201. In enacting Section 201 and the remainder of ICRA, Congress made many of the Cubans who arrived in the 1980 flotilla eligible to apply for legalization. Section 201, however, did not upon enactment change Hernandez's status. His status is unaffected by Section 201 until he seeks the relief made available by ICRA and the Attorney General acts upon his application.

Because ICRA does not by itself change Hernandez's status as an INA parolee, it does not require his release from detention. Accordingly, the order of the district court will be affirmed.[1]

---

1. In light of our disposition of the case, we need not reach Hernandez's contention that he is *prima facie* eligible for legalization.